IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOE FLOYD FULLER, SR.,

                **Plaintiff,**

     v.                                                     CASE NO. 07-3001-SAC

JOHNSON COUNTY BOARD
OF COUNTY COMMISSIONERS, et al.,

                **Defendants.**


**O R D E R**

    Plaintiff, a prisoner confined in the Fred Allenbrand Criminal Justice Complex in New Century, Kansas, presents a civil complaint under the False Claims Act[1] in which he alleges the construction of this correctional facility violated accessibility guidelines under the Americans with Disabilities Act (ADA). By an order dated January 19, 2007, the court denied plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, pursuant to plaintiff's litigation history in the federal courts which includes three or more "strikes" for purposes of the "three strike" provision in 28 U.S.C. § 1915(g). The court also granted plaintiff additional time to pay the $350.00 district court filing fee.

    In response, plaintiff does not dispute that his litigation history subjects him to the "3-strike" provision in § 1915(g), which

---

[1] Plaintiff styled his complaint as a qui tam action brought on behalf of the United States, 31 U.S.C. § 3729, thus the court directed the clerk's office to place this action under seal until further order by the court. See 31 U.S.C. § 3730(b)(2)(qui tam complaint to be filed in camera and to remain under seal).

reads:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

18 U.S.C. § 1915(g).  Rather, plaintiff again contends this statutory bar does not apply because he is under an imminent danger of serious physical injury.  The court does not agree.

Plaintiff again cites the risk of falling due to lack or improper placement of hand rails or grab bars to assist in plaintiff's use of the shower stall and transfer from a wheelchair to a toilet, and the risk of injury to his fingers because steel doors cannot be pushed or pulled open with minimum force. Plaintiff further cites for the first time in this action that he is subjected to the risk of serious medical consequences from: (1) a ventilation system which he claims has not been cleaned for six years, which emits dust, lint, shower odor, and dead human skin, and which may have established a sick building syndrome;[2] (2) his prior solitary

---

[2] Plaintiff raised the very same allegations in a previously filed complaint filed under 42 U.S.C. § 1983, seeking relief from alleged constitutional violations in the conditions of his confinement at the county detention facility. <u>Fuller v. Myers</u>, Case No. 04-3210-GTV (case dismissed for nonpayment of filing fee and § 1915(g) denial of in forma pauperis motion).  The Tenth Circuit Court of Appeals found the allegations of plaintiff's impaired

2

Case 5:07-cv-03001-SAC   Document 6   Filed 02/16/07   Page 3 of 4

confinement for 70 days in a cell with an emergency cord ten feet from his bunk, notwithstanding his history of medical problems and use of a wheelchair; and (3) being subjected to threats and the confiscation and destruction of his property in retaliation for his litigation in federal and state courts.

Having carefully examined this response, the court finds no showing has been made that plaintiff faces any real and proximate threat of a serious physical injury if he is not allowed to proceed in this matter without prepayment of the district court filing fee.[3]

Plaintiff also challenges the constitutionality of 28 U.S.C. § 1915(g), but federal courts, including the Tenth Circuit Court of Appeals, have rejected constitutional challenges to this "3-strike" statute. See White v. State of Colo., 157 F.3d 1226, 1233 (10th Cir. 1998).

Accordingly, for the reasons stated herein and in the order entered on January 19, 2007, the court finds no showing has been

---

ability to breathe facially satisfied the "imminent danger of serious physical injury" requirement for proceeding in forma pauperis under 28 U.S.C. § 1915 in that action. Id., vacated and remanded, 123 Fed.Appx 365 (10th Cir. 2005).

Plaintiff now reasserts these allegations as a reason to avoid application of the "3-strike" bar in the present case. However, plaintiff does not allege in the instant complaint that the facility's ventilation system violates ADA requirements, or that it provides any basis for plaintiff to proceed under 31 U.S.C. § 3729. Plaintiff also fails to indicate how the denial of leave to proceed in forma pauperis on the instant qui tam complaint would subject him to any greater threat of serious harm in his ability to breathe.

[3]Plaintiff recently supplemented his response to state that he sustained a bloody cut when he was physically attacked by an officer on February 7, 2006. However, this bare allegation of an isolated incident, even if assumed as true, does not establish a real threat of serious physical injury to plaintiff for the purpose of allowing plaintiff to file the instant action without prepayment of the full district court filing fee.

made to disturb the court's denial, pursuant to 28 U.S.C. § 1915(g), of plaintiff's motion for leave to proceed in forma pauperis. Because plaintiff has not paid the $350.00 district court filing fee, the court concludes the complaint should be dismissed without prejudice.[4]

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that the court imposed seal of the record in this matter is set aside.

**IT IS SO ORDERED.**

DATED:  This 16th day of February 2007 at Topeka, Kansas.

                                                  s/ Sam A. Crow
                                                  SAM A. CROW
                                                  U.S. Senior District Judge

---

[4] Pursuant to the order of dismissal entered herein, and plaintiff's statement that he filed a notice of claim to the Johnson County Board of County Commissioners, pursuant to K.S.A. 12-105b (requiring notice of claims to a municipality), in August 2006, the court finds no basis for continuing to seal the record in this matter.