**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOE FLOYD FULLER, SR.,**

                **Plaintiff,**

      v.                                **CASE NO. 07-3001-SAC**

**JOHNSON COUNTY BOARD
OF COUNTY COMMISSIONERS, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff presented this civil action under the False Claims Act while confined in the Fred Allenbrand Criminal Justice Complex in New Century, Kansas, alleging the construction of that county correctional facility violated accessibility guidelines under the Americans with Disabilities Act (ADA).[1]  Pursuant to plaintiff's litigation history in federal courts and his apparent failure to demonstrate any "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the court denied plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this matter.

In response, plaintiff did not pay the $350.00 district court filing fee.  Instead, he argued that § 1915(g) did not apply to his complaint, and/or that his allegations of ADA violations satisfied the "imminent danger" exception in § 1915(g).  Finding no merit to either argument, the court dismissed the complaint without prejudice on February 16, 2007, based upon plaintiff's non-payment of the

---

[1] Plaintiff styled his complaint as a false claims and qui tam action brought on behalf of the United States, 31 U.S.C. § 3729.

district court filing fee.[2]

Before the court is plaintiff's pro se pleading titled as an "Interlocutory Appeal," which was docketed as a motion to alter and amend the judgment entered in this matter. In this pleading plaintiff reiterates that he is under imminent danger of serious physical injury at the New Century facility, and that his inability to pay the district court filing fee should not bar him from proceeding in this action.

"Grounds warranting a motion [to alter and amend under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

Reviewing plaintiff's motion against this standard, the court finds no basis for granting plaintiff any relief from the dismissal of this action without prejudice on February 16, 2007. Although plaintiff asserted for the first time in his response to the show cause order that the ventilation system alone placed him in imminent danger of a serious physical injury, and repeated many of the allegations in one of his previous actions which were determined in

---

[2]The docket sheet reflects the docketing on February 26, 2007, of plaintiff's notice of his transfer from the New Century county facility to a state correctional institution.

that case to be sufficient to satisfy the "imminent danger" showing,[3] these new allegations are unrelated to the claims asserted in the complaint concerning ADA compliance in the construction of the New Century facility, citing doors too heavy to manage from a wheelchair, and the size and/or placement of shower stalls, sinks, and grab bars.  The court continues to find the hardships alleged in the complaint did not subject plaintiff to any imminent danger of serious physical injury.

IT IS THEREFORE ORDERED that plaintiff's motion to alter and amend (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of August 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3]*See* Fuller v. Myers, 2005 WL 408063 (10th Cir. 2005)(unpublished opinion)("imminent danger of serious physical injury" requirement satisfied by prisoner's assertion that he suffered from breathing difficulties and other respiratory problems, apparently exacerbated by the ventilation where he was incarcerated).  Here, plaintiff stated the emission of dust, lint, shower odor, and dead human skin caused him to suffer headaches, watery eyes, a change in voice, and increased mucus, but did not as directly complain of breathing difficulties.  He further suggested the ventilation system could cause respiratory disease, might violate federal regulations under the Clean Act, and possibly result in a sick building syndrome.