IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE FLOYD FULLER, SR.,**

        **Plaintiff,**

        v.                                   CASE NO. 07-3001-SAC

**JOHNSON COUNTY BOARD
OF COUNTY COMMISSIONERS, et al.,**

        **Defendants.**

**O R D E R**

    Plaintiff presented this civil action under the False Claims Act while confined in the Fred Allenbrand Criminal Justice Complex in New Century, Kansas, alleging the construction of that county correctional facility violated accessibility guidelines under the Americans with Disabilities Act. The court denied plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915, pursuant to the "3-strike" provision in 28 U.S.C. § 1915(g) and plaintiff's failure to satisfy the statutory exception to that provision by demonstrating he was in "imminent danger of serious physical injury." By an order dated February 16, 2007, the court dismissed the action without prejudice, based upon plaintiff's failure to pay the district court filing fee.

    On February 22, 2007, plaintiff submitted a document titled "Interlocutory Appeal" which was docketed as a motion to alter and amend the February 16 final judgment, *see* Fed.R.Civ.P. 59(e), and on June 26, 2007, plaintiff filed a notice of appeal from the same final judgment. The Tenth Circuit Court of Appeals abated action on plaintiff's appeal pending this court's resolution of plaintiff's

pending 59(e) motion.  This court denied plaintiff's motion on August 8, 2007.  The Tenth Circuit dismissed plaintiff's appeal on September 25, 2007, based upon plaintiff's lack of prosecution.

Before the court is plaintiff's motion to reopen his case to allow the circuit court to consider his "Interlocutory Appeal" submitted on February 22, 2007, but never docketed as an appeal.

Plaintiff's motion seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure which provides in relevant part that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ...(1) mistake, inadvertence, surprise, or excusable neglect; ...or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

Having reviewed the record, the court finds no basis for granting any such relief in this matter.  To the extent plaintiff is alleging error in his pro se "Interlocutory Appeal" being liberally construed only as a timely filed motion under Rule 59(e), any such error was cured by plaintiff's subsequent filing of a notice of appeal from the final judgment entered on February 16, 2007. Plaintiff's motion for relief under Rule 60(b) is denied.

IT IS THEREFORE ORDERED that plaintiff's motion seeking relief under Fed.R.Civ.P. 60(b) to reopen this case (Doc. 24) is denied.

**IT IS SO ORDERED.**

DATED:  This 5th day of November 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2